1
2
3
4
5
6
7
8                       **UNITED STATES DISTRICT COURT**
9                       **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   PATRICK TERUO WALSH,                         CASE NO. 09CV1329 JLS (JMA)

12                              Plaintiff,        **ORDER (1) DISMISSING MOTION**
                                                  **TO DISMISS AND (2) DENYING**
             vs.                                  **MOTION FOR DEFAULT**
13                                                **JUDGMENT**

14   SUMMIT LENDING SOLUTIONS;
     HOMECOMINGS FINANCIAL;                       (Doc. Nos. 23, 33.)
15   MORTGAGE ELECTRONIC
     REGISTRATION SYSTEMS, INC.;
16   EXECUTIVE TRUSTEE SERVICES, LLC;
     and DOES 1–10,
17
                              Defendant.
18

19          Presently before the Court is Homecomings Financial, Mortgage Electronic Registration
20   Systems, Inc., and Executive Trustee Services, LLC's ("Defendants") motion to dismiss Patrick Teruo
21   Walsh's ("Plaintiff") first amended complaint.  (Doc. No. 23.)  Also before the Court is Plaintiff's
22   motion for default judgment filed against Summit Lending Solutions, Inc., Homecomings Financial,
23   Mortgage Electronic Registration Systems, Inc., and Executive Trustee Services, LLC, and Does
24   1–100.   (Doc. No. 33.)   For the reasons stated below, the Court **DISMISSES WITHOUT**
25   **PREJUDICE** Defendants' motion to dismiss and **DENIES WITHOUT PREJUDICE** Plaintiff's
26   motion for default judgment.
27                                      **BACKGROUND**
28          Plaintiff Patrick Teruo Walsh, proceeding pro se, filed his first complaint on June 16, 2009.

(Doc. No. 1.)  Defendants Homecomings Financial, Mortgage Electronic Registration Systems, Inc., and Executive Trustee Services, LLC ("Defendants") responded by filing a motion to dismiss the complaint on July 16, 2009.  (Doc. No. 5.)  Defendant Summit Lending Solutions, Inc. ("Summit Lending"), however, failed to respond.  On October 9, 2009, the Clerk of Court issued an entry of default as to Summit Lending, and Plaintiff filed a motion for default judgment soon thereafter.  (Doc. No. 17.)  After consideration, the Court granted Defendants' motion to dismiss and denied Plaintiff's motion for default judgment.  (Doc. No. 19.)

Plaintiff then filed an amended complaint ("First Amended Complaint") on March 25, 2010.  (Doc. No. 21.)  Plaintiff alleges that he purchased the property located at 16277 Winecreek Road, San Diego, California 92127 on or about December 19, 2006, and financed his purchase through Summit Lending.  (*Id.* at 3.)  Two years later, Defendant Executive Trustee Services, LLC recorded a notice of default.  (*Id.* at Exhibit 1.)  Plaintiff alleges that, although he was notified that he was in default, the notice was void because it did not comply with California Civil Code § 2923.5.  (*Id.* at 3.)

Plaintiff also challenges the validity of the foreclosure sale in his amended complaint. Plaintiff alleges that the parties listed on the notice of default and/or the notice of trustee's sale did not have the right to conduct a foreclosure sale.  (*Id.*)  Moreover, Plaintiff alleges that the foreclosure sale was not conducted in accordance with California law.  (*Id.*)  And finally, Plaintiff alleges that every defendant is engaged in multiple violations of California law, and "that public benefit necessitates that Defendants be restrained from such conduct in the future."  (*Id.*)

Plaintiff asserts five causes of action: (1) Violation of California Civil Code § 2923.5; (2) Fraud; (3) Intentional Misrepresentation; (4) Violation of California Civil Code § 1572; and (5) Violation of Business and Profession Code § 17200.  (*Id.* at 3–12.)

Defendants filed a motion to dismiss the First Amended Complaint on April 12, 2010. (Doc. No. 23.)  The hearing set for June 17, 2010, was thereafter vacated, and the matter was taken under submission on the papers.  (Doc. No. 26.)

Plaintiff filed a request for entry of clerk default against Summit Lending on June 18, 2010, and against Defendants on July 6, 2010.  Both requests were entered on July 6, 2010, but the entry

1   of default against Defendants was subsequently marked to indicate that it was issued in error.

2   (Doc. Nos. 30, 31.)  On July 14, 2010, Plaintiff filed a motion for default judgment pursuant to

3   Federal Rule of Civil Procedure 55(b).  (Doc. No. 33.)

4          The Court will discuss both motions independently, below.

5   **DEFENDANTS HOMECOMINGS FINANCIAL, MORTGAGE ELECTRONIC**

6   **REGISTRATION SYSTEMS, INC., AND EXECUTIVE TRUSTEE SERVICES, LLC'S**

7   **MOTION TO DISMISS**

8          Defendants Homecomings Financial, Mortgage Electronic Registration Systems, Inc., and

9   Executive Trustee Services, LLC ("Defendants") filed a motion to dismiss on April 12, 2010, in

10  response to Plaintiff's First Amended Complaint.  (Doc. No. 23.)  But the motion to dismiss was

11  not properly served on Plaintiff.  Parties that are not registered participants of the Case

12  Management and Electronic Case Filing System ("CM/ECF") must be served pursuant to the

13  Federal Rules of Civil Procedure.  CA. ELEC. CASE FILING ADMIN. POLICIES AND PROCEDURES

14  MANUAL 2(d)(2).  Plaintiff is not registered with CM/ECF and was not served pursuant to Federal

15  Rule of Civil Procedure 5.  Accordingly, Defendants' motion to dismiss is **DISMISSED**

16  **WITHOUT PREJUDICE** for failure to serve.

17  **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

18         Plaintiff's motion for default judgement requested default judgement against every

19  Defendant.  For procedural reasons, the Defendants will be divided into to two groups.  In the first

20  group is Homecomings Financial, Mortgage Electronic Registration Systems, Inc., and Executive

21  Trustee Services, LLC.  In the second group is Summit Lending Solutions.

22  **I.      Default Judgment Against Homecomings Financial, Mortgage Electronic Registration**

23  **Systems, Inc., and Executive Trustee Services, LLC**

24         On July 6, 2010, the Clerk of Court entered an entry of default as to Homecomings

25  Financial, Mortgage Electronic Registration Systems, Inc., and Executive Trustee Services, LLC

26  ("Defendants") for failing to plead or otherwise defend against the First Amended Complaint.

27  (Doc. No. 29.)  The entry was modified on July 8, 2010, to indicate that it was issued in error.  As

28  a matter of court procedure, Plaintiff's request for entry of default against Defendants was denied.

In order to obtain default judgment, a plaintiff must first obtain an entry of default.  FED. R. CIV. P. 55; *see Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir.1986); *see also* 10A THE LATE CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2682 (3d ed. 2010) (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").  Because Plaintiff has not obtained an entry of default against Defendants, Plaintiff may not seek default judgment against Defendants.

The court hereby **DENIES WITHOUT PREJUDICE** the motion for default judgment against Homecomings Financial, Mortgage Electronic Registration Systems, Inc., and Executive Trustee Services, LLC.

**II.     Default Judgment Against Summit Lending Solutions**

*A.     Legal Standard*

Federal Rule of Civil Procedure 55 permits a court to enter default judgment.  A court is to grant or deny default judgment at its discretion.  *See Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956).  The Ninth Circuit has set out seven factors for a court to consider when exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citation omitted).  Generally, upon an entry of default, the plaintiff's factual allegations are taken as true, while the plaintiff's allegations as to damages suffered are not treated as dispositive.  *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).

*B.     Discussion*

*(1)     Possibility of Prejudice to the Plaintiff*

This factor weighs in favor of a default judgment, as Plaintiff would be prejudiced if the application is not granted.  Summit Lending Solutions ("Summit Lending") is deemed to have admitted all of the allegations in the complaint by failing to respond.  Therefore, "Plaintiff would

1    suffer prejudice if the default judgment is not entered because Plaintiff would be without other

2    recourse for recovery."  *Philip Morris USA v. Castword Prods., Inc.*, 219 F.R.D. 494, 499 (C.D.

3    Cal. Dec. 31, 2003).

4    *(2)      The Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint*

5          The second and third factors require that "plaintiff's allegations state a claim on which the

6    [plaintiff] may recover."  *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13,

7    1996) (quotation and citation omitted).  In Plaintiff's motion for default judgment, he claims that

8    he has pled the following claims for relief: Fraud, Intentional Misrepresentation, Violations of

9    California Civil Code §§ 2923.5 and 2923.6, Violations of California Civil Code § 1572, and

10   Violations of California Business and Professions Code § 17200.  (Doc. No. 33 at 2.)  There are

11   severe deficiencies in Plaintiff's First Amended Complaint with regard to each claim.

12         Plaintiff's claims for fraud, intentional misrepresentation, violations of California Civil

13   Code § 1572, and violations of California Business and Professions Code § 17200 will be

14   discussed first because they are all predicated on fraud.

15         Plaintiff's fraud allegations do not state a claim on which he can recover.  At the outset,

16   Plaintiff fails to meet the particularity standards set forth by Federal Rule of Civil Procedure 9(b).

17   Plaintiff's First Amended Complaint does not allege that Summit Lending commited fraud.  It

18   instead focuses on the actions of Defendants Homecomings Financial, Mortgage Electronic

19   Registration Systems, Inc., and Executive Trustee Services, LLC.  (Doc. No. 21 at 6–10.)

20         The intentional misrepresentation claim also fails because it cannot meet the particularly

21   standard.  Plaintiff alleges that Summit Lending "knew Defendants MERS, ETS, and

22   HOMECOMINGS were not authorized to commence the foreclosure process . . . and it was made

23   for the sole purpose of inducing reliance and confusing plaintiff."  (*Id.* at 10–11.)  This is the

24   extent of the allegations against Summit Lending, however, and the allegations are insufficiently

25   particular to state a claim.

26         Plaintiff's claim under California Civil Code § 1572 fails because it relies on the

27   nonexistent allegations of fraudulent activity used to support the fraud and intentional

28   misrepresentation claims.  (*Id.* at 11.)

Finally, Plaintiff alleges that "Defendants' practices are likely to mislead the general public, and therefore, constitute a fraudulent business act of practice within the meaning of Business and Professions Code § 17200." (*Id.* at 12.) Because the claim is predicated on fraud, the allegations must also satisfy the pleading requirements of Rule 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-05 (9th Cir. 2003). Plaintiff relies on the same averments of fraud as in the previous claims; and as noted above, those averments were not set forth with particularity. Consequently, this claim fails as well.

Having discussed the fraud based claims, the Court considers Plaintiff's claims under California Civil Code §§ 2923.5 and 2923.6 next.

Section 2923.5 "requires, before a notice of default may be filed, that a lender contact the borrower in person or by phone to 'assess' the borrower's financial situation and 'explore' options to prevent foreclosure." *Mabry v. Superior Court*, 185 Cal. Rptr. 3d 201, 204 (Cal. Ct. App. 2010). The requirements of this section are "very narrow." *Id.* at 218. The Ninth Circuit has not yet determined whether § 2923.5 creates a private cause of action, and there is no unanimity among the district courts. But for the purposes of this order we assume, without deciding, that it does.

Plaintiff claims that Summit Lending violated this section because "[t]he required declaration does not contain a penalty of perjury clause and there is no evidence on the face of the Notice of Default as to whether the declarant had any personal knowledge concerning any contact made to Plaintiff." (Doc. No. 21 at 4.) Because of these alleged deficiencies, Plaintiff argues that notice of default and the non-judicial foreclosure were void. (*Id.*)

Plaintiff's allegations do not state a claim on which he can recover. First, the § 2923.5 notice need not be signed under penalty of perjury. *Mabry*, 185 Cal. Rptr. 3d at 219 ("The idea that this 'declaration' must be made under oath must be rejected."). As the *Mabry* court aptly noted, nothing in either the colloquial or legal definitions of a "declaration" require it to be made under oath. *Id.* Further, the absence of the words "penalty of perjury" in this section and the presence of that phrase in other mortgage-related statutes indicates that the legislature had not intention of imposing such a requirement. *Id.* Second, there is no requirement that the declaration

reflect the declarant's knowledge concerning any contact made to plaintiff.  The declaration need only "track the language of the statute."  *Id.* at 221.

Finally, Plaintiff's allegations under California Civil Code § 2923.6 do not state a claim on which he can recover because § 2923.6 does not create a private cause of action.  *Farner v. Countrywide Home Loans*, 2009 WL 189025, at *2 (S.D.Cal. January 26, 2009); *see also Fuentes v. Duetsche Bank*, 2009 WL 1971610, at *2 (S.D. Cal. July 8, 2009).

Given the severe factual and legal deficiencies in Plaintiff's complaint, the merits of Plaintiff's claim are questionable, at best.  Thus, this factor weighs heavily against the Court entering a default judgment in favor of Plaintiff.

*(3)    Money at Stake in the Action*

"Default Judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions."  *Truong Giang Corp. v. Twinstar Tea Corp.*, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007) (citation omitted).  Plaintiff seeks restitution by nullifying $1,417,500.00 in loans used to purchase his property.  (Doc. No. 33 at 5.)  Plaintiff also wishes to enjoin all Defendants from further affecting Plaintiff's ownership of the property.  *Id.* Given that the ultimate right of possession with regard to property is in question and the high monetary value of the loans, the Court finds that the money at stake in the action weighs heavily against default judgment.

*(4)    Possibility of Dispute Concerning Material Facts*

The fifth factor examines the potential for dispute of the material facts.  Plaintiff's version of the events regarding the loan transaction itself as alleged in the First Amended Complaint was not disputed by the other Defendants in their motion to dismiss.  Additionally, an examination of the First Amended Complaint suggests that any disputes will center on legal issues and not the factual issues surrounding the loan transaction.  Accordingly—given that all factual allegations in the complaint are taken as true—there is little or no dispute of material fact, and this factor weighs slightly in favor of default judgment.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

*(5)    Possibility of Excusable Neglect*

1    With regard to whether Summit Lending has a possibility of excusable neglect, Summit

2  Lending has made no showing.  Summit Lending was served with notice of all relevant

3  documents, and therefore there is little or no potential for excusable neglect.  *See Virgin Records*

4  *America, Inc. v. Cantos*, 2008 WL. 2326306, at *2 (S.D. Cal. Jun. 3, 2008).  This factor, therefore,

5  supports entry of default judgment.

6  *(6)      Policy Favoring Decision on the Merits*

7    "While the public policy favoring disposition of cases on their merits weighs against

8  default judgment, that single factor is not enough to preclude [default judgment]."  *Rio Props., Inc.*

9  *v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).  "Moreover, Defendant's failure to

10 answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible."  *Cal.*

11 *Sec. Cans*, 238 F. Supp. 2d at 1177.  Thus, this factor is, at best, neutral.

12 **C.      Conclusion**

13   The Court, reviewing the factors set forth by the Ninth Circuit and exercising its discretion,

14 finds that an entry of default judgment is not appropriate in this case.  The Court admonishes

15 Summit Lending for failing to respond, yet Plaintiff's amended complaint evidences not only a

16 lack of factual allegations sufficient to support his claims, but also no plausible legal theories.

17 These deficiencies coupled with the exceptionally high monetary relief requested by Plaintiff make

18 default judgment in this case inappropriate.  Accordingly, Plaintiff's motion for default judgment

19 as to Summit Lending Solutions, Inc. is hereby **DENIED WITHOUT PREJUDICE**.

20                                    **CONCLUSION**

21   For the reasons stated above, the Court **HEREBY DISMISSES WITHOUT**

22 **PREJUDICE** Homecomings Financial, Mortgage Electronic Registration Systems, Inc., and

23 Executive Trustee Services, LLC's ("Defendants") motion to dismiss for failure to serve the

24 necessary parties.  (Doc. No. 23.)  Defendants **MAY FILE** a motion to dismiss within 21 days of

25 the date this Order is electronically docketed.  The Court further **DENIES WITHOUT**

26 **PREJUDICE** Plaintiff's motion for default judgment.

27 **IT IS SO ORDERED**.

28 DATED:  September 15, 2010

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
Honorable Janis L. Sammartino
United States District Judge

09cv1329